JAMES R. BOLEY, Respondent, v. WALTER A. WOOD MOWING AND REAPING MACHINE COMPANY, Appellant.

St. Louis Court of Appeals, April 23, 1895.

1. **Sales**: ESTOPPEL TO DENY AGENCY. A contract of sale provided, in case of breach of warranty, for a certain notice to the local agent of the defendant who sold the property. The notice was given in this case to the local agent of the defendant, but the sale had been made by another agent. However, the defendant acted on the notice as a compliance with the contract. *Held*, that the defendant would not be heard to deny the sufficiency of the service of the notice.

2. ———: DAMAGES FOR FAILURE TO RETURN VENDEE'S NOTES. The contract of sale provided that, in case of a breach of warranty, promissory notes given by the vendee should be returned by the vendor. The breach occurred, but the vendor refused to return the notes. *Held*, that the vendee was entitled to recover from the vendor the value of the notes, and that, *prima facie*, this was their face value.

3. ———: ———: PLEADING. But *held*, further, that, inasmuch as the plaintiff had sued for breach of the contract, and not for the conversion of the notes, the defendant should, on the hearing of his motion for new trial, have been afforded an opportunity to surrender the notes and to thereon have the judgment reduced to a nominal sum.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED CONDITIONALLY.

*W. W. Fry* for appellant.

(1) In an action on a contract plaintiff must show compliance on his part—performance of all conditions precedent. *Weise v. The Birdsell Co.*, 35 Mo. App. 229; *Nichols v. Larkin*, 79 Mo. 271; *Boyer v. Neel*, 50 Mo. App. 26; *Johnson v. Sproull*, 50 Mo. App. 121. This he has not done, since the warranty requires the return of the machine to the agent from whom it was bought. (2) The measure of damages in this case is not the purchase price. If the consideration failed, as claimed, the notes given to defendant could not be collected. The notes being in defendant's possession and not being collectible, plaintiff was not damaged, at least not to amount of the notes. *Johnson v. Sproull*, 50 Mo. App. 121. Plaintiff had the right, on a breach of warranty, to return the machine and rescind the contract, or retain it and, when sued, plead failure of consideration. *Branson v. Turner*, 77 Mo. 489; *Werner v. O'Brien*, 40 Mo. App. 483. By the terms of the contract of purchase he was restricted to the former course. Having declared upon the contract, he is bound by it, which fixes his recovery to the return of the notes or cancellation of the notes, not the purchase price of the machine. *Johnson v. Whitman*, 20 Mo. App. 100.

*L. P. Crigler* and *McIntyre & Kelso* for respondent.

Plaintiff could return machine and sue for purchase price with interest. 1 Parsons on Contracts [6 Ed.], side page 592; *Carter v. Black*, 46 Mo. 384; *Kinney v. Jones*, 50 Mo. 316; *Courtney v. Boswell*, 65 Mo. 196; *Branson v. Turner*, 77 Mo. 489; *Skeen v. Springfield, etc., Co.*, 34 Mo. App. 485.

BIGGS, J.—In the early part of the summer of 1892 the plaintiff purchased of the defendant a reaping machine, for which he agreed to pay the sum of $125. For the purchase money he executed and delivered to the defendant two negotiable notes, due respectively October 1, 1892, and October 1, 1893, bearing eight per cent. interest from and after September 1, 1892. The machine was sold under the following conditional warranty, to wit:

"All our machines are warranted to be well made and of good material, and to do good work, with proper management, when set up and operated as per printed directions. If upon starting any one of our machines it should not work well, immediate written notice must be given to the Walter A. Wood Mowing and Reaping Machine Company, or the local agent from whom it was purchased, and reasonable time allowed to come to it and remedy the defect, if any, (the purchaser rendering necessary and friendly assistance); when, if it can not be made to do good work, it shall be returned, free of charge, to the place where received, and the payment of money or notes will be returned. Failure to immediately give notice as above, or continued possession of the machine, whether it is kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty. No one has any authority to add to, abridge or change this warranty in any manner.

"(Signed)      WALTER A. WOOD MOWING AND REAPING MACHINE CO."

(Indorsed)

"Sold by W. Fravel, traveling salesman."

The plaintiff sues for a breach of the above warranty, alleging, in substance, in his complaint, that the machine failed to do good work; that he immediately

notified the local agent, through whom the machine had been purchased, of that fact; that the agent sent a man to remedy the defect, who failed in his efforts; and that, as soon as it was ascertained that the machine would not satisfy the requirements of the contract, it was returned to the place where received, and the plaintiff demanded of the local agent the return of the notes, with which demand the defendant failed to comply. The damages were laid at $125, the face of the notes. The plaintiff had judgment for the full amount claimed both before the justice, and in the circuit court. By successive appeals the defendant has brought the case here for review. It complains that an amended statement filed in the circuit court substituted a new cause of action, and that the circuit court committed error in the instructions.

There is no merit in the first assignment of error. The complaint filed before the justice was ill contrived and clumsy, but enough can be gleaned from it to show a sale of the machine in question, that it was sold under the above mentioned warranty, and that there had been a breach thereof, and that the plaintiff was entitled to damages on account of it. The amended statement in no wise changed the nature of the action. It merely stated, in a more explicit and detailed manner, the facts and circumstances attending the transaction.

The plaintiff's evidence tended to prove that the machine failed to do good work; that the plaintiff immediately gave to one Sam Morris, the defendant's local agent, a written notice of that fact; that in response to that notice the defendant sent two men to work on the machine: that after repeated and reasonable efforts they failed to remedy the defects, and that thereupon the plaintiff took the machine back to Rush Hill, the place where he had received it, and that

he notified Morris of the delivery and demanded a return of his notes.

The defendant concedes that, at the time the machine was sold, Morris was its agent in the county where the plaintiff lived and the machine was sold, and that Morris received a commission on all machines sold in the county, whether sold by him or not; but it denies (and its evidence was to that effect), that Morris had anything to do with the sale in question. The sale was made by one of the defendant's traveling salesmen.

Under the foregoing proof the circuit court, at the instance of the plaintiff, instructed the jury as follows:

1.  "The court instructs the jury that, if they believe from the evidence in the case that, after (*sic*) the plaintiff took the machine in question upon his farm, and that the defendant's agents came and helped to set up and start the machine, and that afterward plaintiff found that said machine would not work, that he immediately gave written notice to Sam Morris, local agent of said company, of his inability to make said machine work, and that thereupon the agent of the defendant went upon his premises and attempted to make said machine do good work, and that said machine, notwithstanding their efforts, would not do good work, and that plaintiff finding that said machine wholly failed to do good work, and thereupon, without unnecessary delay, he returned said machine to the place where received, and demanded the return of his notes; and if they further believe that said notes were not returned by said defendant or its agents, then the jury will find for the plaintiff in the sum of $125."

2.  "If the jury find from the evidence that the plaintiff purchased from defendant through its traveling salesman, Fravel, the machine in question, and

that said sale was made within the territory of Sam Morris, the local agent of defendant, to whom the said Fravel reported all sales made in said territory, and that said machine was received by plaintiff at Rush Hill, Missouri, and that upon starting said machine and in good faith testing the same, it was found said machine did not work well, and that immediately written notice of such fact was given by plaintiff to the said Sam Morris, and that defendant in response to such notice sent its agents to remedy the defects, if any, and that after said agents had worked on said machine it could not be made to do good work, and that plaintiff thereupon, and with no unnecessary delay, returned said machine to Rush Hill, Missouri, notifying the agent of defendant, Sam Morris, of such return, then the verdict should be for the plaintiff, if the jury further find that the plaintiff at the time of returning such machine demanded the return of his notes given for the purchase price of said machine, and the same were not returned.''

It is insisted by the defendant that the foregoing instructions erroneously assume that the alleged notice to Morris, who did not sell the machine, was a compliance on the part of the plaintiff with the conditions of the warranty. The language of the contract is: ''If upon starting any one of our machines it should not work well, immediate written notice must be given to the Walter A. Wood Mowing and Reaping Machine Company, *or the local agent from whom it was purchased,*'' etc. The instructions do not place the liability of the defendant *solely* on the ground that the notice to Morrris was a substantial compliance with the terms of the warranty, but on the further ground that the defendant *acted* on the notice. This, we think, was the correct view. Having treated the notice as sufficient,

the defendant will not now be heard to question its validity or binding force.

Again, it is claimed that the measure of damages as declared in the instructions—that is, that the plaintiff was entitled under the facts stated to recover the face value of his notes—is erroneous, the contention being that the plaintiff was entitled, at most, to a judgment for nominal damages.  The question is in a small compass, but it is not free of difficulty.  Against the theory of the instruction, the argument is that the plaintiff may never pay his notes, and that, therefore, he ought not to recover their value.  The answer made to that is that the defendant agreed, under certain contingencies, to return the notes; that the contingencies had happened; and that the defendant, having failed in its undertaking, must be held as for a conversion of the notes, and for their value, which is *prima facie* their face value.

We think that the extent of the plaintiff's recovery must be the value of the notes, which value, in the absence of other proof, must be taken to be the amount of the notes.  But the difficulty in disposing of the assignment, grows out of the improper theory of the petition.  It states the damages at $250 as for a violation of the contract, whereas it ought to have claimed damages for a conversion of the notes.  While we would not be justified in unconditionally reversing the judgment on account of this mistaken theory, yet the defendant's rights have not been regarded.  As the record now stands, there is nothing to show, in case the present judgment is satisfied, that the outstanding notes of the plaintiff are valid obligations.

It is clear that the defendant ought to be protected in some way, for it would be palpably unjust to permit a recovery as for a conversion of the notes, and leave the plaintiff free to defend against their collection on

the ground of failure of consideration. To obviate the difficulty and for the purpose of satisfying the equities of the case, the circuit court, on the hearing of the motion for a new trial, ought to have given the defendant an opportunity to surrender the notes, thereby reducing the recovery to a nominal sum. It seems to us that this course ought to have been pursued, and, as this court has full power to do what the trial court ought to have done, we have concluded to reverse the judgment and enter one here for a nominal amount, together with the costs of the trial court, provided the defendant will, within twenty days after the filing of this opinion, surrender to this court for cancellation, the plaintiff's notes. If it fails to do so, then the judgment of the lower court will be affirmed. All the judges concur.